STATE, RESPONDENT, v. FLEMING, APPELLANT.

(No. 5,337.)

(Submitted March 15, 1924. Decided March 24, 1924.)

[224 Pac. 277.]

*Criminal Law—Homicide—Evidence — Sufficiency — Failure of Defendant to File Brief—Affirmance Warranted.*

Criminal Law—Failure of Defendant to File Brief—Affirmance of Judgment.
    1. Where defendant, convicted of crime, fails to file a brief in support of his appeal from the judgment of conviction, the supreme court may, under the presumption that the judgment is correct, affirm it.

Same—Homicide—Evidence—Sufficiency.
    2. *Held*, on review of the record in a prosecution for murder, that defendant was justly convicted, it appearing that after challenging decedent to a fist fight which the latter accepted, defendant drew a revolver and shot him dead, decedent being unarmed.

*Appeal from District Court, Wheatland County, in the Fourteenth Judicial District; Geo. B. Winston, Judge of the Third District, presiding.*

---

Effect of taking undue advantage in case of homicide by mutual combat voluntarily and willingly entered into, see note in 45 L. R. A. (n. s.) 651.

DECK FLEMING was convicted of murder and appeals. Affirmed.

*Mr. L. D. Glenn,* for Appellant.

*Mr. Wellington D. Rankin,* Attorney General, for the State.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Appellant was convicted of the crime of murder in the first degree, the jury fixing his punishment at imprisonment for life in the state prison. His motion for a new trial was denied. This appeal is from the judgment and the order denying a new trial. The transcript on appeal was filed with the clerk of this [1] court on June 25, 1923. While according to the rules of this court the appellant should have filed with the clerk and served on the attorney general a copy of his printed brief within forty-five days after filing the transcript (Rule X, subd. 2) no brief of any kind has ever been filed by him.

On August 11, 1923, appellant filed with the clerk a motion requesting that he be granted until November 23, 1923, in which to prepare, serve and file his brief. This motion he supported with a stipulation signed by the attorney general who consented that such order be made. Upon the motion and stipulation this court granted the request. After the expiration of this time the writer inquired of the attorney general why this cause was not ready for trial and in answer the attorney general said that the appellant's brief had not been filed but he, the attorney general, was not disposed to take advantage of the fact, but, on the contrary, was willing to grant the appellant still further time within reasonable limitations in order that the case might be heard upon its merits.

On the 5th of January, 1924, the court assigned the cause for argument upon the 18th of February, 1924, of which respective counsel were given notice forthwith. Nothing was heard in the matter until February 14, 1924, when affidavits were filed by the appellant and by Mr. Glenn, one of his coun-

sel, asking that the setting of the cause for argument be vacated and the same be continued to some date subsequent to June 23, 1924, the reasons assigned being that the appellant had no money or property with which to pay attorney's fees, and Mr. Glenn did not feel able personally to defray the expenses necessary to the preparation of the brief or to bear his own expenses in coming to Helena for the argument of the cause. While deeming the proffered excuses insufficient, the court after consideration vacated the setting of the cause and in order to relieve the situation made an order granting appellant the privilege of filing typewritten briefs in the cause on or before the first day of March, 1924, giving the attorney general until the day of hearing in which to file brief in answer to appellant's brief, with the understanding that the cause should be assigned for hearing at the latter end of the March calendar; and the court suggested to counsel for appellant that the cause might then be submitted upon briefs if he were unable to be present in person. Thereafter, and upon February 18, the cause was set for argument March 15, 1924.

Upon February 25, 1924, Mr. Glenn wrote the court saying: "I received your letter of the 14th inst. with reference to the brief in the above-entitled action and I appreciate the extension of time granted to me and will try to get short brief to the clerk not later than March 1, and if not objectionable to the attorney general and members of the court, I may want to present a supplemental brief before the 15th of March, the date set for the argument of this case."

On March 15, when the cause came on for argument, Mr. Glenn, being present in person advised the court that he had not filed any brief in behalf of appellant and in view of what had transpired he did not find himself in a position to ask for further time. The cause was then submitted without argument.

In view of the presumption that the order and judgment of the court below are correct we should be justified in affirming the judgment and order without further comment, but as the defendant stands convicted of murder in the first degree, we

have thought it best to examine the record with care in order to be satisfied as to whether he has been dealt with justly. An inspection of the record convinces us that he has received not only justice but mercy.

It is a simple story. Appellant, an ugly character, was in a truculent mood on the evening of the tragedy. He, with seven [2] or eight employees of the Winnecook ranch, was in the bunkhouse. He had been cursing all hands about some trivial occurrence. He applied to them a well-known opprobrious epithet and did not smile when he said it. Arthur Greve, the blacksmith, protested, saying to Dole, the manager, that defendant was making trouble with the boys again and he for one "was getting sick and tired of it" and he "wanted Dole to settle the thing." Dole sought to do this but defendant spurned peaceful methods; cursing and calling dirty names, he challenged all present indiscriminately. He said if any of them wanted trouble to come outside, and outside he went. Apparently it was a challenge to a fair fight. Dole followed as did Greve, the latter seemingly having decided to accept the challenge, for he moved rapidly toward the encounter, empty-handed, clean-handed, without any weapon on his person. Appellant drew from beneath his vest a revolver and when Greve was distant ten feet, appellant, without provocation, or excuse, shot Greve through the middle. Contemplating this dastardly act, it may be observed that the defendant is lucky the jury did not see fit to snuff out his worthless life. He had a fair and impartial trial before an able and experienced judge and a merciful jury. He was well defended. He should be content.

The order overruling the motion for a new trial and the judgment are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.